Southwest Federal Savings and Loan Association of Chicago, Appellee, v. The Cosmopolitan National Bank of Chicago, a National Banking Association, Trustee under Trust Agreement dated October 16, 1953, and known as The Mutual National Bank of Chicago, as Trustee, The United States of America, et al., Appellees, Eleanor B. Johnson, also known as Eleanor R. Borgmeier, and Edmund J. Johnson, Her Husband, Appellants.

Gen. No. 47,560.

First District, Third Division.

October 14, 1959.

Released for publication November 12, 1959.

E. R. Borgmeier, of Washington, D. C., for appellants.

Edwin C. Podewell, of Chicago, for Southwest Federal Savings and Loan Association of Chicago, appellee; Herbert R. Stoffels, of Chicago, for Citizens State Bank of Park Ridge, appellee.

Charles K. Rice, Assistant Attorney General, Lee A. Jackson, Melva M. Graney, and Carolyn R. Just, Attorneys, Department of Justice, Washington 25, D. C., Robert Tieken, United States Attorney, and Alice M. McClanahan, Assistant United States Attorney, for United States, appellees.

JUSTICE FRIEND delivered the opinion of the court.

Defendants appeal from a decree of foreclosure and sale entered in the Superior Court on December 9, 1957. The complaint is in the usual form, alleging that approximately $14,000, plus interest, was due in payment on a principal note in the amount of $18,000; that the legal title to the premises was vested in The Cosmo-

politan National Bank of Chicago, as trustee under its trust agreement No. 2421, dated October 16, 1953; that Eleanor B. Johnson, Edmund J. Johnson, her husband, and others, including the Federal Government (referred to in the title as the United States of America), have or claim some interest in the premises as trustees, owners or beneficiaries of trust No. 2421, etc., but that the interest, if any, of each of said persons is subordinate to the lien of plaintiff's mortgage.

The plaintiff's amended complaint, filed by leave of court on July 31, 1956, alleged that the Federal Government had filed its notice-of-revenue lien in the recorder's office of Cook County on February 9, 1956, against Eleanor Johnson, and on December 21, 1956, pursuant to leave of court, plaintiff filed its second amendment to the complaint representing that Citizens State Bank of Park Ridge has or claims to have an interest in the premises based on a judgment entered in its favor on June 21, 1956, against Eleanor B. Johnson and Edmund J. Johnson, but that the interest, if any, of said judgment creditor is subordinate to plaintiff's lien.

On September 5, 1956, Cosmopolitan National Bank, as trustee under trust No. 2421, and the Johnsons filed their answer denying the allegations of the complaint with respect to the notice-of-revenue lien filed by the Federal Government, admitting ownership of the premises by the Cosmopolitan National Bank, as trustee under trust No. 2421, and denying all other allegations of the complaint neither expressly admitted nor denied in the answer.

On September 20, 1956, the Federal Government filed its answer, leaving plaintiff to the proof of all allegations except that allegation with respect to its claimed revenue lien against Eleanor Johnson. As to that allegation, the Government answered that it had filed its notice of Federal tax lien against her in the recorder's office of Cook County on February 9, 1956;

176

it denied that its lien was subordinate to the lien of plaintiff's mortgage; it asked that the court determine the rights and priorities of the respective parties; and it prayed further, if plaintiff's mortgage were found to be prior to the Government's lien, that this defendant be given one year from date of sale to redeem therefrom, that any surplus from the sale be held subject to the order of court and defendant's claim, and that the court grant such other relief as to it should seem meet.

Thereafter, on December 26, 1956, the Citizens State Bank of Park Ridge filed its answer alleging that on June 21, 1956, it had obtained a judgment by confession against Edmund J. and Eleanor B. Johnson in case No. 56-C-8314 in the Circuit Court of Cook County, and that execution thereon was issued by the clerk and delivered by the sheriff on July 11, 1956; that no part of the judgment had been paid; and that the full amount, with interest to date, was due and payable. All other defendants were defaulted.

The cause was then referred to a master in chancery who, pursuant to several hearings, filed his report finding that the lien of the Federal Government against Eleanor B. Johnson was a junior lien subject only to plaintiff's mortgage and general taxes; that Eleanor Johnson had an interest in the property and was therefore liable for the payment of the lien; that Citizens State Bank had a lien upon the premises, subject however to the lien of the plaintiff and that of the Federal Government; and he found due on the indebtedness the sum of $16,597.92, and recommended a sale. Objections to the report by the Johnsons and the Cosmopolitan Bank were overruled and ordered to stand as exceptions. Thereafter the chancellor, after overruling the exceptions to the master's report, on December 9, 1957, entered a decree in conformity with the master's recommendations, finding due the amounts specified in the report, declaring the claims of the

Federal Government and the Citizens State Bank of Park Ridge to be liens against the real estate, subordinate however to plaintiff's lien, and finding that Eleanor B. Johnson had an interest in the real estate. On March 6, 1958, the chancellor entered an order in the foreclosure proceeding finding that plaintiff received the sum of $250 on the indebtedness found due in the master's report and ordering that the indebtedness be reduced by that sum.

██ ██ It is first urged by the appealing parties, and especially by Eleanor Johnson, that the interest of the beneficiaries under trust agreement No. 2421 of the Cosmopolitan Bank is personalty, not realty, and therefore not an interest in the real estate itself. It should be pointed out that Eleanor Johnson was adjudged to have an interest in the premises, notwithstanding her claim to the contrary, and that the lien of the Government attaches to whatever interest she may have, whether realty or personalty. No claimants appeared in the proceeding to show that they were holders of interest in the property or its proceeds superior to that found by the court to belong to Eleanor Johnson, and the record supports this finding. A proceeding to foreclose a mortgage is equitable in nature, and the chancellor had inherent power to determine the rights of all parties. The Government by statute consented to be sued in the proceeding, and its lien against Eleanor Johnson, who was adjudged to have an interest in the mortgaged premises, was properly recognized by the trial court. The Internal Revenue Code of 1939, section 3670, Property Subject to Lien (26 U. S. C. 1952 ed.), provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to

178

property, whether real or personal, belonging to such person."

Section 3671, Period of Lien (26 U. S. C. 1952 ed.), provides:

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."

Section 2410 (as amended by sec. 119 of the Act of May 24, 1949, c. 139, 63 Stat. 89, 105), Actions affecting property on which United States has lien, provides in part:

"(a) Under the conditions prescribed in this section . . . for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, . . . or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

Under these provisions of the Federal Code, the lien of the Government against a person who neglects or refuses to pay a tax is on all property and rights to property, whether real or personal. See Glass City Bank v. U. S., 326 U. S. 265.

The principal remaining ground urged for reversal by Eleanor Johnson is that her interest as beneficiary under trust No. 2421 is as cotrustee under trust agreement dated December 7, 1950, and is not of an individual character so as to be reached for her personal obligations. She does not deny that the lien of the Government against her is valid and subsisting, but argues the lien cannot be asserted in this foreclosure proceeding since she claims to have no interest *individually* in the real estate covered by the mortgage

179

which was ordered foreclosed in the decree of sale, but only an interest "as beneficiary under trust No. 2421 . . . as cotrustee under trust agreement dated December 7, 1950." In other words, she contends that since her interest is as a beneficiary as trustee, the lien against her does not attach to that interest.

At the hearing before the master, James V. Sallemi, trust officer of the Cosmopolitan National Bank, testified for the Government, over Eleanor Johnson's objection, that trust No. 2421 covered the mortgaged premises, and that the named beneficiaries were "Katherine E. Nova and or E. R. Borgmeier [the Eleanor B. Johnson here] as trustees under trust agreement dated December 7, 1950." The Johnsons offered no evidence with respect to that trust agreement, and Mr. Sallemi testified that the bank did not have a copy thereof. Throughout the hearing before the master, Eleanor Johnson took the position that there had been no proof as to any individual interest on her part in the property being foreclosed; she persistently maintained that her sole interest was as cotrustee, but she failed or refused to adduce any evidence so indicating. Although subsequent to the decree of sale and subsequent to her notice of appeal she filed trust agreement No. 2421 with the Superior Court clerk, she failed to file the relevant trust agreement of December 7, 1950, referred to in trust agreement No. 2421; she has persisted in refusing to disclose the alleged beneficiaries for whom she claims to be a trustee. On the record before us it is logical to conclude that she did have an individual interest, and the master and chancellor so found.

■ ■ None of the parties cite cases dealing with the subject, but there is authority in Illinois holding that although the burden of proof usually rests with the party making the affirmative pleading, such burden may be placed upon the opposing party in in-

stances where such party has knowledge of the subject matter at issue which is not available to the party making the allegation. The case of Belding v. Belding, 358 Ill. 216, involved an estate which included certain partnership property which was to be divided. There was some evidence that the original partnership agreement had been amended with respect to the division of assets, although the administratrix could not produce positive evidence to that effect. The court held that the burden of producing that evidence rested with the adverse party, and said: "It is a rule well recognized, that where the evidence to prove a fact is chiefly, if not entirely, in control of the adverse party and such evidence is not produced, his failure to produce the evidence tends to strengthen the probative force of the evidence given to establish such claimed fact. (Morris v. Equitable Life Assur. Soc. of United States, 109 Neb. 348, 191 N. W. 190.) The burden of producing evidence, chiefly, if not entirely, within the control of an adverse party, rests upon such party if he would deny the existence of claimed facts. (Harper v. Fay Livery Co. 264 Ill. 459.) Where a party alone possesses information concerning a disputed issue of fact and fails to bring forward that information, and it is shown that it can be produced by him alone, a presumption arises in favor of his adversary's claim of fact. (Great Western R. Co. v. Bacon, 30 Ill. 347.)" In the Harper decision, relied on above, plaintiff's decedent was fatally injured while allegedly a passenger for hire in defendant's carriage. The court said: "If the use of the carriage by deceased was gratuitous or without the knowledge or consent of plaintiff in error, proof of such facts would constitute a perfect defense to the action, and such proof was entirely in the knowledge and possession of plaintiff in error and not in the possession of defendant in error, whose intestate was in his grave, and in the absence of such proof on the part

181

of plaintiff in error the presumption of law which arises from the facts proven must be allowed to prevail. [Citing cases, including Great Western R. Co. v. Bacon, likewise relied on in the Belding opinion.]" In the Bacon case, an action against the railroad for killing stock, the court held that where the means of proving a fact are equally within the control of either party, the burden of proof is upon the party averring the negative, but where the opposite party is in possession of full and plenary proof to disprove the negative averment, and such proof is not in the control of the other party, the law will presume that the fact does not exist, unless the evidence to establish it is adduced.

Eleanor Johnson was undoubtedly familiar with the provisions of the trust and with the identity of the beneficiaries for whom she acted as trustee. If, as she claimed, she had no interest in the trust as beneficiary, it would have been a simple matter for her to disclose the parties in interest. Her failure and refusal to do so justified the chancellor in incorporating in the decree a finding that she had an interest in the property and in foreclosing that interest.

Under the circumstances we have concluded that there is no basis for a reversal. For the reasons indicated, the decree of the Superior Court is affirmed.

Decree affirmed.

BRYANT, P. J. and BURKE, J., concur.