FIRST STATE BANK OF PRINCETON, Plaintiff-Appellee, v. KENNETH LEFFELMAN *et al.*, Defendants (Terrance Leffelman, Supplemental Defendant-Appellant).

Third District   No. 3—87—0022

Opinion filed September 16, 1987.

Terrance Leffelman, of Sublette, appellant *pro se.*

Stephen A. Kouri, of Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The *pro se* appellant, Terrance Leffelman (Leffelman), appeals the denial of his motion to quash a citation to discover assets. We affirm.

On April 14, 1985, the plaintiff, First State Bank of Princeton, (the bank), filed a confession of judgment against the defendants Kenneth Leffelman, the Leffelman Corporation, and the Lazy "L" Family Preservation Trust. On October 17, 1985, the trial court confirmed the confession of judgment against the defendants.

On June 6, 1985, a hearing was held on a citation to discover assets. The citation was filed by the bank against Leffelman. The hearing was continued, with no indication in the record of objection.

On October 10, 1986, the bank filed another citation to discover Leffelman's assets. On October 24, 1986, a hearing on the citation was continued so that Leffelman could produce certain tax returns.

On December 11, 1986, a rule to show cause hearing was held regarding Leffelman's failure to produce the aforementioned tax returns. At this time, Leffelman moved to quash the October 10, 1986, citation on grounds that the Supreme Court Rule 277(f) six-month time limit on the June 6, 1985, citation proceeding had expired and that the bank did not have leave of court to file the second citation as required by Rule 277(a). The court denied the motion to quash, finding that Leffelman had waived his contention for failure to raise it at the October 24 hearing. When Leffelman failed to produce the tax returns, the court adjudged him in contempt and ordered him incarcerated. When Leffelman subsequently produced the tax returns, the court declared him purged of contempt and ordered his release.

██ █ In appealing the denial of his motion to quash the citation, Leffelman repeats the arguments that supported the motion to quash. Initially, we note that the denial of a motion to quash a citation to discover assets is a nonappealable, interlocutory order. (*Bank of Aspen v. Fox Cartage, Inc.* (1986), 141 Ill. App. 3d 369, 490 N.E.2d 145.) However, an order purging a defendant of contempt is deemed final and appealable. (*Hawley Products Co. v. May* (1942), 314 Ill. App. 537, 41

N.E.2d 769.) We, therefore, review the order purging Leffelman of contempt.

Supreme Court Rule 277(f) provides that a supplementary proceeding automatically terminates six months after the respondent's initial appearance unless the court finds that justice requires an extension. (87 Ill. 2d R. 277(f).) Supreme Court Rule 277(a) states that no subsequent supplementary proceeding against a judgment debtor or a third party shall be commenced except by leave of court. Leave may be granted if the court finds that: (1) the judgment creditor is entitled to reach property or income of the debtor, or the third party is indebted to the judgment debtor; (2) the creditor did not know of the property, income or indebtedness prior to any supplementary proceeding; and (3) the additional supplementary proceeding is sought in good faith. 87 Ill. 2d R. 277(a).

■ In the case at bar, we agree with the trial court that Leffelman waived his objection to the commencement of the second citation proceeding without leave of court. We, therefore, find that the trial court appropriately proceeded with the second citation. We further find that the record reveals adequate grounds to grant leave to file the second citation, had the bank chosen to comply with Rule 277(a). Leffelman's tactics, including profusely filing dubious legal pleadings, such as "Status of Citizen" and "Notice and Demand for Rights *Sua Sponte*," giving inconsistent, evasive and contradictory testimony concerning his ownership of property the bank claimed, and multitudinous further maneuverings beyond our capacity to list, hindered the bank's lawful efforts to ascertain the location of the defendants' property.

Accordingly, the judgment of the circuit court of Bureau County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.