FIRST STATE BANK OF PRINCETON *et al.*, Plaintiffs-Appellees, v. KENNETH LEFFELMAN, Indiv. and as Trustee-Manager of the Lazy 'L' Family Preservation Trust, *et al.*, Defendants-Appellants.

Second District   No. 2—87—0734

Opinion filed March 11, 1988.

Kenneth Leffelman and Marguerite Leffelman, both of Sublette, and Donald A. Tangwall, Edward Leffelman, and Susan Leffelman, all of Amboy, appellants *pro se.*

Steven A. Kouri, of Vonachen, Lawless, Trager & Slevin, of Peoria, for appellee.

JUSTICE NASH delivered the opinion of the court:

Defendants appeal from an order confirming a foreclosure sale and for deficiency judgment entered in favor of the plaintiff, the First State Bank of Princeton (Bank), contending that the trial court erred (1) in failing to offset the homestead of Edward and Susan Leffelman; (2) in failing to allow defendants a jury trial in the foreclosure action; and (3) that all proceedings in this action after October 28, 1985, when defendant, Donald Tangwall, filed a notice of petition for removal of the foreclosure action to the Federal district court are a nullity since a certified copy of the remand order from the Federal court was not filed in the circuit court.

The record discloses that by a trust deed dated October 5, 1981, defendants, Kenneth and Marguerite Leffelman, pledged about 440 acres of farm land to secure a debt to the Bank in the amount of $400,000. The property was subsequently transferred to the Lazy 'L' Family Preservation Trust, with Donald Tangwall as trustee.

On May 10, 1985, the Bank filed a complaint for foreclosure to which defendants responded by filing numerous, sometimes unusual, pleadings in the trial court. One document filed by Kenneth and Marguerite Leffelman which demanded a jury trial was entitled "Notice of Demand for Venireman to Number Twelve." Defendants Edward and Susan Leffelman, and Donald Tangwall, also requested a jury trial. The trial court denied these requests.

On October 28, 1985, Donald Tangwall filed a petition for removal in the trial court which stated that he had filed a petition to remove the cause to the United States District Court for the Northern District of Illinois.

On March 3, 1987, the trial court entered a judgment for foreclosure and sale, and on June 18, 1987, the property was sold to the Bank at the foreclosure sale.

On July 1, 1987, Edward and Susan Leffelman filed a motion for relief from judgment pursuant to section 2—1401 of the Code of Civil

Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), in which they alleged that they were "claiming their Homestead rights by virtue of possession and a lease agreement on said real estate." An affidavit executed by Edward and Susan Leffelman was attached to their motion which stated that they were in possession of certain described property "by virtue of a lease agreement." A hearing on defendants' motion was held July 7, 1987, after which the trial court denied their claims of homestead rights and entered a written order confirming sale and for deficiency judgment.

■■ The Bank contends that this appeal should be dismissed because some of the statements in defendants' brief do not contain references to the record as required by Supreme Court Rule 341(e) (107 Ill. 2d R. 341(e)). Although the defendants' brief is far from a sterling example of legal writing, we note that defendants have appealed *pro se* and their brief generally contains citations to the record and citation to legal authority in support of their contentions on appeal. We decline to dismiss the appeal because of inadequate briefs.

■■ Defendants contend that the trial court erred by not offsetting the homestead of Edward and Susan Leffelman. The Bank responds that the assertion of homestead was untimely, and, even if the claim of homestead was properly made, Edward and Susan Leffelman failed to plead and prove such a claim. We agree.

Edward and Susan Leffelman first asserted their homestead claim in their motion after judgment brought pursuant to section 2—1401 of the Code of Civil Procedure. It is well established that due diligence requires that a section 2—1401 petitioner have a reasonable excuse for failing to act within the appropriate time, and does not afford a litigant a remedy whereby he may be relieved of the consequences of his or her own mistake or negligence. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 222, 499 N.E.2d 1381.) Alleged errors of fact on which a petition for relief from a final order or judgment is based must not have been known to the moving party at the time of judgment. (*Lubbers v. Norfolk & Western Ry. Co.* (1984), 105 Ill. 2d 201, 209-11, 473 N.E.2d 955.) Here, Susan Leffelman acknowledged at the hearing on the section 2—1401 motion that she was aware of the homestead claim from the inception of the foreclosure action by the Bank, but she said, "I don't feel that it was my duty or obligation to come to [the court] or to [the Bank's attorney] or to the sheriff or anyone else and say to any of you, I have a homestead right, I want you to recognize it on the day of sale." This admission, together with the numerous spurious pleadings and the dilatory tactics defendants employed in the trial court, establish that they did not exercise due

diligence as required by section 2—1401. See *First State Bank v. Leffelman* (1987), 160 Ill. App. 3d 394, 396, 513 N.E.2d 610.

■■ Additionally, the record fails to show that Edward and Susan Leffelman had any interest in the property which would support a homestead claim. The burden of proving the existence of a homestead is on the one relying on it. (*Gillespie v. Fulton Oil & Gas Co.* (1908), 236 Ill. 188, 203, 86 N.E. 219; *Hutter v. Lake View Trust & Savings Bank* (1977), 54 Ill. App. 3d 653, 655, 370 N.E.2d 47, *cert. denied* (1978), 439 U.S. 1004, 58 L. Ed. 2d 679, 99 S. Ct. 615.) Some title, no matter what its extent, is necessary to sustain a homestead estate. *First National Bank & Trust Co. v. Sandifer* (1970), 121 Ill. App. 2d 479, 482, 258 N.E.2d 35; *Sterling Savings & Loan Association v. Schultz* (1966), 71 Ill. App. 2d 94, 111, 218 N.E.2d 53.

In this case, Edward and Susan Leffelman alleged that they had a homestead claim by virtue of a lease, but no lease was attached to their pleadings, and they failed to present any evidence that they had such a lease. The only evidence in the record relating to a lease of the property to Edward and Susan Leffelman was the testimony of Kenneth Leffelman given at a hearing held on May 23, 1985, in connection with the Bank's motion for appointment of a receiver. Kenneth Leffelman then testified that Edward Leffelman was in possession of the property under a lease dated December 20, 1984. There is a lease of the property dated December 20, 1984, included in the record, but it is not in the name of Edward and Susan Leffelman. According to that lease document, the property was leased to Ter-Ed Leffelman Corporation, apparently a corporation formed by Kenneth Leffelman's sons. Thus, the record does not contain any evidence that Edward and Susan Leffelman had any interest in the property by virtue of a leasehold, and they have failed to establish a claim for homestead.

■■ Defendants next contend that the trial court's failure to grant them a jury trial in this foreclosure action violated their right to due process of law. An action to foreclose a trust deed is equitable in nature, and thus a trial by jury is, under section 2—1111 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1111 (formerly section 63 of the Civil Practice Act)), a matter of discretion and not of right. (*South Holland Trust & Savings Bank v. Witvoet* (1974), 18 Ill. App. 3d 24, 25, 309 N.E.2d 306.) We find no abuse of discretion in this case.

■■ ■ Finally, defendants contend that the trial court lost jurisdiction from the time the notice of removal to Federal court was filed (28 U.S.C.A. §1446(e) (West Supp. 1987)) until the court received a

certified copy of the remand from the Federal court. The Bank replies that the issue is waived for failure to raise it in the trial court; that the record fails to show that all prerequisites for proper removal were satisfied by defendants; and, if this court takes judicial notice of the Federal court proceedings, it will show that an order of remand was entered which revested jurisdiction in the trial court prior to entry of the judgment of foreclosure and the order confirming sale and for deficiency judgment.

First, we note that the question of jurisdiction can be raised at any time (*In re Estate of Randell* (1973), 12 Ill. App. 3d 640, 641-42, 298 N.E.2d 735), and the issue is not waived.

The Bank requests that this court take judicial notice of a copy of the report and recommendation of the United States Magistrate that the defendants' motion to remove the case be denied, and a docket sheet which indicates, *inter alia*, that a remand order was entered by the United States District Court for the Northern District of Illinois, Western Division, on June 6, 1986. It is well settled that public documents which are included in the records of other courts and administrative tribunals may be the subject of judicial notice (*May Department Stores Co. v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 159, 355 N.E.2d 7; *Weimann v. County of Kane* (1986), 150 Ill. App. 3d 962, 969, 502 N.E.2d 373), and we take judicial notice of the records of the United States District Court for the Northern District of Illinois. The district court's records establish that the trial court in this case had jurisdiction to enter the judgment of foreclosure and sale on March 3, 1987, and the order confirming sale and for deficiency judgment on July 7, 1987, because the issuance of the remand order on June 6, 1986, by the Federal district court vested the State trial court with jurisdiction. (*Johnson v. Estelle* (5th Cir. 1980), 625 F.2d 75, 78; *Van Ryn v. Korean Airlines* (C.D. Cal. 1985), 640 F. Supp. 284, 285; see *United States v. Rice* (1946), 327 U.S. 742, 747, 90 L. Ed. 982, 985-86, 66 S. Ct. 835, 837.) The actions taken by the trial court between the filing of the petition of removal and the remand order are inconsequential in this cause, and we need not consider their validity.

Accordingly, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

INGLIS and REINHARD, JJ., concur.