**PHILIPS MEDICAL SYSTEMS, INTER-NATIONAL B.V., a Netherlands corporation, et al., Plaintiffs,**

v.

**Martin E. BRUETMAN, M.D., an Illinois citizen, et al., Defendants.**

**No. 91 C 4385.**

United States District Court,
N.D. Illinois, E.D.

May 27, 1992.

Robert J. Rubin, Darren E. Watts, Altheimer & Gray, Chicago, Ill., for plaintiffs.

James Arthur McGurk, Dennis A. Bell, Bell & McGurk, Ltd., James S. Montana, Jr., Richard G. Agin, Dickinson, Wright, Moon, VanDusen & Freeman, Chicago, Ill., Howard A. Shalowitz, St. Louis, Mo., for defendants Bruetman, High Tech Medical Parks Development Corp., High Tech Medical Parks Intern. N.V., Alta Technologia Medica, S.A.

Frederic R. Klein, Mindy Block Gordon, Kenneth Steven Ulrich, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd., Chicago, Ill., for defendant Medical Parks Development Corp.

### MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Before the court is Defendant High Tech Medical Parks Development Corporation's motion to quash a Citation to Discover Assets (the "Citation"). The Citation was dated March 5, 1992 and was directed to "Ronald Tash, Esq.," High Tech Medical Parks Development Corporation's Secretary. The motion is denied.

### Background

On October 3, 1991, Plaintiffs filed their First Amended Complaint. Defendants filed their Second Amended Counterclaim on December 16, 1991.

The court entered a default judgment in the sum of $18,948.043.32 against all four defendants, namely Martin E. Bruetman, High Tech Medical Parks Development Corporation ("High Tech"), High Tech Medical Parks International, N.V. and Alta Technologia Medica, S.A. The order of default judgment was entered on February 18, 1992 and was granted because of the defendants' non-compliance with this court's discovery orders, including Martin Bruetman's fleeing to Argentina in the middle of his deposition. Subsequent to the entry of the order of default judgment, the court stated in open court that if the cause of the default were cured, the default judgment could be vacated. The

cause of the default has not been cured as Dr. Bruetman has not returned and has not complied with the court's discovery orders.

At the time of the entry of the February 18 default judgment, the defendants' Second Amended Counterclaim remained pending. The Second Amended Counterclaim was not dismissed until March 26, 1992 when the court noted that Dr. Bruetman had not returned to Chicago to resume his deposition and had not complied with the court's discovery orders.

The March 5 Citation was based on the February 18 default judgment. The Citation states that "[a] judgment against Martin E. Bruetman, M.D. and High Tech Medical Parks Development Corporation, was entered on February 18, 1992, in the Northern District of Illinois Eastern Division. To date $18,948,043.32 plus interest and costs remains unsatisfied."

### Discussion

■ High Tech argues that because the counterclaim remained pending until March 26, the February 18 default judgment was not a final order. Hence, according to High Tech, the March 5 Citation should be quashed.

Enforcement of judgments in federal court are carried out pursuant to Fed. R.Civ.P. 69 which directs that "execution shall be in accordance with the practice and procedure of the state in which the district court is held...." Under Ill.Rev.Stat. ch. 110, ¶ 2–1402(a), a judgment creditor may prosecute supplementary proceedings for the purpose of examining the judgment debtor to discover assets or income of the debtor not exempt from the enforcement of the judgment. The statute provides that a supplementary proceeding shall be commenced by the service of a citation issued by the clerk. The plaintiffs were proceeding in the manner set forth in Ill.Rev.Stat. ch. 110, ¶ 2–1402(a). The question is whether they were premature in their efforts to enforce the default judgment.

■ Under Illinois law, execution may issue only as to a final judgment. *See General Telephone Co. of Illinois v. Robinson,* 545 F.Supp. 788, 791 (C.D.Ill.1982).

Alternatively, where the action involves multiple parties or multiple claims, execution may issue only upon an express finding by the court that there is no just reason for delaying enforcement or appeal. *See Wilson–Jump Co. v. McCarthy–Hundrieser,* 85 Ill.App.3d 179, 40 Ill.Dec. 230, 405 N.E.2d 1322 (1st Dist.1980); *see also* Ill. Rev.Stat. ch. 110A, Rule 304(a). Fed. R.Civ.P. 54(b) permits United States District Courts to make an express finding that there is no just reason for delay when there is judgment on fewer than all claims in an action involving multiple parties or multiple claims.

Plaintiffs respond by arguing that High Tech has waived the right to challenge the March 5 Citation. In support of that argument, plaintiffs point to the following steps taken by High Tech to comply with the Citation. On March 13, 1992, Mr. Tash responded to the Citation by (1) appearing at the offices of Altheimer and Gray (where the Citation instructed him to appear for examination), (2) producing numerous documents on March 13, as requested in the Citation, (3) agreeing to be sworn in and deposed that day in response to the Citation, and (4) explicitly agreeing to enter and continue the Citation proceedings so that he could produce further documents responsive to the Citation.

In addition, High Tech has taken the position in litigation that the Order of Default Judgment was a final order. On March 13, 1992, High Tech filed a notice of appeal of the February 18 order, an order it now belatedly argues was not final. High Tech's Jurisdictional Statement filed before the Seventh Circuit as part of its appeal confirmed that High Tech's position was that the default judgment was a final judgment as the appeal sought to invoke the Court of Appeals' jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1). In addition, at the March 26 hearing before this court, High Tech's counsel took the position that the February 18 Order of Default Judgment was a final order. Finally, High Tech did not bring the present motion until April 21, 1992, five and a half weeks after Mr. Tash's compliance with the Citation.

In support of its waiver argument, Plaintiffs cite *In re Wey*, 827 F.2d 140 (7th Cir.1987). *In re Wey* concerned priorities in a bankruptcy proceeding. In *In re Wey*, the judgment creditor served a garnishment summons and garnishment interrogatories upon the judgment debtor and the judgment debtor's bank pursuant to a judgment by confession entered by the Illinois Circuit Court. In its judgment order, the Circuit Court reserved the question of attorneys' fees and did not explicitly state pursuant to Illinois Rule 304(a) (the Illinois analog to Fed.R.Civ.P. 54(b)) that the judgment reached was subject to immediate appeal and enforceability. Although the order was arguably non-final because of the reservation of the issue of attorneys' fees, *see General Telephone Co. v. Robinson*, 545 F.Supp. 788 (C.D.Ill.1982), the judgment debtor and bank never challenged the enforceability of the judgment.

Thereafter, the trustee in bankruptcy sought to challenge the enforceability of the judgment on the grounds that it was not final. The Seventh Circuit reviewed the record and ruled that because the judgment debtor waived the argument that the judgment was not final, the trustee may not raise that defense to disturb the judgment creditor's status as a prior perfected party. The Court wrote that "although [the judgment debtor and its bank] both had standing to raise this issue [of non-finality], both ... acquiesced in the garnishment by filing pleadings after service of the garnishment summons which recognized [the judgment] as final and enforceable," thereby waiving the argument that the judgment was unenforceable due to non-finality.

The *In re Wey* Court emphasized that the Illinois Supreme Court in *In re Marriage of Leopando*, 96 Ill.2d 114, 70 Ill.Dec. 263, 449 N.E.2d 137 (1983), ruled that a party may waive an argument that a judgment order was non-final. A party may waive the argument "because the requirements of Rule 304(a) are merely procedural and not jurisdictional. *In re Wey*, 827 F.2d, at 143, citing *In re Marriage of Leopando*, 96 Ill.2d, at 117, 70 Ill.Dec. 263, 449 N.E.2d 137 ("Rule 304(a) does not present a jurisdictional requirement in the sense that it cannot be waived.... We would be therefore justified in declining to consider the issue of whether the [trial court's] custody order was final and appealable"). At a hearing on May 27, 1992, counsel for defendants argued that there were jurisdictional problems with enforcing a non-final judgment. *In re Wey* makes clear that Illinois Rule 304(a) is not jurisdictional and a defendant may waive its right to move to quash a Citation to Discover Assets. *See also First State Bank of Princeton v. Leffelman*, 160 Ill.App.3d 394, 112 Ill.Dec. 196, 513 N.E.2d 610 (3rd Dist.1987) (party's compliance with a Citation without seeking to quash a Citation constitutes a waiver of a subsequent objection that the Citation was not issued within six months of judgment as required by Illinois Supreme Court Rule).

The court agrees with Plaintiffs that High Tech's conduct constituted a waiver of the argument that the February 18 default judgment was non-final and hence unenforceable. High Tech's Secretary appeared at a deposition held pursuant to the March 5 Citation. He brought certain documents requested in the Citation and agreed to produce others later. His deposition was relatively lengthy; the transcript of the deposition is at least 74 pages long. He also agreed to continue the proceedings. Moreover, High Tech has previously taken the position at various phases of litigation that the order of default judgment was a final order. Therefore, the court denies High Tech's motion to quash the March 5 Citation to Discover Assets because High Tech has waived its objection that the default judgment was not final.

The court observes that Defendant High Tech will not be significantly prejudiced, if prejudiced at all, by this ruling. Even though the March 5 Citation to Discover was premature, it was not premature for long because final judgment in this case was entered on March 26, 1992. After March 26, 1992, there is no dispute that the plaintiffs could begin their attempts to enforce the default judgment.

The true concerns underlying this motion have not been made clear to the court. The court surmises that just beneath the surface lurks a dispute among rival judgment creditors of High Tech. In a prior motion, the court was informed that Boulevard Bank obtained a $1,000,000 judgment in state court against certain of the defendants in the fall of 1991. The court was further informed that Boulevard Bank's Citation to discover assets did not issue until March 23, 1992. Thus, the motion to quash the March 5 Citation apparently bears upon a contest for priority between competing judgment creditors.

Although the court's ruling in no way depends upon what it surmises are the "real reasons" for the present motion, the court advises the parties that it would have preferred to understand the true context in which the motion was brought. Attorneys owe candor and completeness to the law and to the court.

### Conclusion

Defendant High Tech Medical Parks Development Corporation's motion to quash the March 5, 1992 Citation to Discover Assets is denied.