403 P.2d 559

Bernard BLOCH, Nathan Bloch and Ruth Bloch, his wife, Appellants,

v.

Elmer A. BENTFIELD and Shirley Bentfield, his wife, Joseph Madden and Dolores Madden, his wife, Appellees.

Bernard BLOCH, Nathan Bloch and Ruth Bloch, his wife, Appellants,

v.

Frank MAUS and Dorothy Maus, his wife, Appellees,

v.

Joseph M. MADDEN and Dolores M. Madden, his wife, Appellees.*

I CA–CIV 69, 70.

Court of Appeals of Arizona.

June 30, 1965.

* These appeals were filed with the Arizona Supreme Court and assigned that Court's Numbers 8015 and 8016. The matters were referred to this Court pursuant to Section 12–120.23 A.R.S.

**414**

Wade Church, Phoenix, for appellants.

Riggs, Brown & Keil, by Fordyce W. Riggs and Martin F. Keil, Phoenix, for appellees.

STEVENS, Chief Judge.

Mr. Church who represented the appellants at the oral argument was not an attorney of record in the Superior Court and he advised this Court that he had been retained in connection with these appeals less than a week before the scheduled argument.

A single opinion is being written in relation to the two appeals which are pending before this Court because many of the legal problems are the same.

In both cases the plaintiffs named in the complaint in the trial court were the same persons who appear as the named appellants in the foregoing caption of this opinion. Bernard Bloch, one of the plaintiffs, was present in the court room at the time of the oral argument before this Court and in response to questions by the Court admitted that as of the date of the oral argument he was not and that he had never been licensed to practice law in Arizona.

· Briefly, the record discloses the following background. The Bentfields purchased land from the Blochs. Bernard Bloch was permitted to store his personal property in a room on the land for a limited period of time without rent and was permitted to continue a small cafe on the land for a limited period of time. By the time the actions, which are the subject of this opinion, were filed in the trial court, these permissive periods had expired. Prior to the filing of the actions, the Maddens had purchased the real property from the Bentfields.

REPLEVIN ACTION

On December 14, 1959 Civil Cause No. 112,171 was filed in the Superior Court for Maricopa County. The relief sought was the replevin of certain items of personal property. The named plaintiffs were the three persons who are above listed as the appellants. The complaint was signed only by Bernard Bloch in Propria Persona. The complaint alleged that the plaintiffs owned the personal property in question. The affidavit on replevin was executed by Bernard Bloch wherein he stated under oath that he was the owner of the personal property in question. The clerk of the court issued an "Order for Taking Property". Attached to the original of this document is the sheriff's return certifying that he took the property in question into his possession, that he stored the same, that no redelivery bond was posted and that he surrendered the property to the "plaintiff" who we assume to be Bernard Bloch. So far as the record discloses, Bernard Bloch still retains the property.

The complaint named Mr. and Mrs. Maus as the defendants. They appeared in the action alleging that they were merely the agent of Mr. and Mrs. Madden and secured an order for a third-party complaint. The third-party complaint was filed naming Mr. and Mrs. Madden as the third-party defendants and therein Mr. and Mrs. Maus prayed for recovery over against Mr. and Mrs. Madden in relation to any judgment which the plaintiffs might secure against the third-party plaintiffs. The Maddens filed an answer to the third-party complaint and also filed a counter-claim against the plaintiffs urging that they, the Maddens were residents of Minnesota; that Nathan Bloch and Ruth Bloch were residents of Michigan; that Bernard Bloch was present in Arizona; that they, the Maddens, owned certain described real property; that Bernard Bloch had an oral agreement allowing him to store certain personal property on the real property for six months without payment of rent; that the six months had expired; that the property had not been removed; that rent was due from and after the expiration of the six months, and the Maddens prayed for a landlords lien as well as for damages in relation to the loss of use of the premises wherein the goods were stored as well as other matters. Even though the counter-claim was addressed only

to the acts of Bernard Bloch, the prayer thereof seeks judgment against all of the named plaintiffs as counter-defendants. Service of the counter-claim was accomplished by mailing a copy thereof to Bernard Bloch at the Phoenix address which appears on the complaint.

Bernard Bloch moved to dismiss the counter-claim and in this motion represented only himself. This motion was later denied. Three answers to the counter-claim were filed, one by Bernard Bloch for himself and two by Bernard Bloch for all of the plaintiffs, these pleadings then carrying a Michigan address for Bernard Bloch.

## DAMAGE ACTION

On January 4, 1960 Civil Cause No. 112,550 was filed in the Superior Court for Maricopa County this cause likewise bearing the names of the three alleged plaintiffs. The defendants in the action were Mr. and Mrs. Bentfield and Mr. and Mrs. Madden. This complaint alleged certain rights in the plaintiffs based upon a pleaded written agreement for the purchase of real property. The agreement was pleaded in its entirety in the complaint and an examination thereof discloses that the sellers were Nathan Bloch and Ruth Bloch, his wife and the buyers were Mr. and Mrs. Bentfield. Again the complaint was signed by Bernard Bloch in Propria Persona.

The Bentfields filed an answer in Propria Persona and also an answer signed by a lawyer from Fargo, North Dakota. Everyone appears to have then forgotten that the Bentfields had appeared in the action.

The Maddens filed their answer alleging the acquisition of the ownership of the property in question from the Bentfields attaching a copy of a claimed deed. The Maddens further presented their counter-claim against all of the plaintiffs in relation to loss of the full use of the property by reason of the storage of personal property of Bernard Bloch beyond the period agreed; failure to remove a small cafe building and general damages by reason

of action which prevented the proper development of the property. Notwithstanding the fact that the prayer for relief was for punitive damages, the language of the counter-claim controls and that language was adequate in relation to asserting a claim for compensatory damages. The counter-claim was served on the three plaintiffs by mailing a copy thereof to Bernard Bloch.

Bernard Bloch moved to dismiss the counter-claim, again representing only himself. This motion was denied and he answered the counter-claim only for himself.

We now approach the area of similarity of problems.

The motion to dismiss the damage action appears on the Court's Minutes of February 19, 1960 at which time it was assigned to. Judge Jones for special argument for February 26, 1960. The minutes for February 26th reflect that on that date Mr. Riggs appeared for the Maddens and we find similar minute entries in both cases reflecting an order of the court which continued the hearing to March 11th directing that Mr. Riggs contact Bernard Bloch by letter in relation to the continuance. The minutes of March 11th reflect that Mr. Riggs had complied with the Court's request and further reflect that Judge Jones had received a telephone call from Detroit from Bernard Bloch stating Bernard Bloch's inability to attend the argument and submitting the motion on a memorandum filed. The motion to dismiss was denied in each case.

Thereafter Bernard Bloch, representing himself only, purported to give notice of appeal. He filed a single paper entitled "Notice of Appeal". This bore the case numbers of both cases and a caption which did not accurately correspond with the caption of either case. He forwarded a $250.00 cash bond on appeal. The notice of appeal and the clerk's receipt for the cash bond appear in the record of Cause No. 112,550.

The orders of March 11th denying motions to dismiss the counter-claim

are not appealable orders under Section 12–2101 A.R.S. Even had the orders been appealable the notice and bond could not have applied to both cases.

The Maddens then sought a Superior Court recognition of the invalidity of the purported appeals and Bernard Bloch wired Judge Jones urging his lack of jurisdiction. Judge Jones properly recognized that the purported appeals were not valid and thereafter directed the refund of the so called cash bond on appeal.

The record transmitted to us does not contain a motion to set. In the record is Bernard Bloch's affidavit wherein he states under oath that both cases were set for February 15, 1962 to a jury and this affidavit not being controverted, we accept the statement as true even in the absence of a minute entry so disclosing.

We are now approaching the crux of these appeals. Part of the facts are disclosed by minute entries and part by opposing affidavits. Bernard Bloch's affidavit states he was ready for trial on February 15th but that the trial court was unable to reach the case for trial and "that after this date this cause rode the calendar and on March 26th, 1962, a post card was mailed from the Court Administrator's Office to a mailing address of this affiant, post marked the 27th day of March, 1962, wherein it appeared that the Court ordered this cause set for call in Div. 7 for the 28th day of March, 1962, with the understanding that no jury would be called and that if the plaintiff appeared in person there would be an order reassigning the case for trial; that on March 28, 1962, the case was called for trial in Div. 1 and the plaintiff was not present in person or by counsel; thereafter the case was set for trial and heard on March 29, 1962, without giving these plaintiffs any further notice  *  *  *".

His affidavit further states "From February 15, 1962, when this case was regularly set for trial, the plaintiff had no further correspondence or contact with the attorney for the defendants, except  *  *  *  correspondence copies of which are attached

to the affidavit. One of these letters is a letter from Mr. Riggs dated March 16th in which Mr. Riggs advised Bernard Bloch that the cases had been set for trial for Wednesday March 28th. The letter reminded Bernard Bloch that all parties involved are from out of state and that Mr. Riggs is willing to waive a jury.

Under date of March 23rd Bernard Bloch replied that it would not be possible for him to appear on March 28th, that he was involved in other litigation, that he would be able to appear on April 15th and that he desired a jury trial.

The minutes of March 26th reflect that the identical order was entered in each of the two cases being, "ORDER setting this matter for call in Div. 7, on Mar. 28, 1962 at 9:30 a.m., with the understanding that no jury will be called, and if plaintiff appears in person, there will be an order reassigning this cause for trial".

The minutes of Division 7 for March 28th disclose the following order in the Replevin Action:

"The record may show that this case was regularly called for trial at this time; that the defendants were present in person and by counsel; that the third-party plaintiffs were present in person and by counsel; and that the third-party defendants were represented by counsel.

"IT IS ORDERED assigning this cause to Div. 1 for disposition upon a Motion to Dismiss."

The minutes under the same date reflect the following order in the Damage Action:

"The record may show that this case was regularly called for trial at this time; that the plaintiffs nor any of them were present either in person or by counsel; that the Defendants Joseph Madden or Delores Maddes, his Wife, were represented by counsel.

"ORDERED transferring this cause to Div. 1 for action upon the motion for dismissal."

The minutes for March 29th for Div. 1, Judge Jones presiding, disclose that in the

Replevin Action "upon Motion of the Defendants the Complaint as well at the counter-complaint be, and the same are hereby, dismissed".

On the same date and in the same division the minutes in relation to the Damage Action reflect that three witnesses were sworn and testified and the cause having been submitted,

"IT IS ORDERED that the Plaintiffs Complaint herein be and the same is hereby dismissed." There was a further order for judgment on the counter-claim in the sum of $4,810.60.

On March 30th formal written judgments were entered pursuant to the minute entries of March 29th, the judgment in damage action being against all of the persons named as plaintiffs in the damage action.

Thereafter the plaintiffs, by a Phoenix attorney, sought to reinstate the actions and requested a new trial. Judge Jones assigned these matters to Judge Hays to review the record and Judge Hays denied these requests whereupon Notice of Appeal was given, Bernard Bloch purporting to give the notice on behalf of all plaintiffs with a separate notice in each of the two cases.

█ A court acting in an appellate capacity may examine into jurisdictional questions even though neither party urges the point. Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961).

█ Bernard Bloch was privileged to represent himself in the trial court and is so privileged in this Court. When one undertakes to represent himself that person is " * * * entitled to no more consideration than if" he "had been represented by counsel." He is "held to the same familiarity with required procedures and the same notice of statutes of local rules as would be attributed to a duly qualified member of the bar. * * * Such a rule is indispensable to the orderly and efficient administration of justice. * * * Moreover, under Uniform Rule of Practice 12, each counsel is responsible for keeping himself advised of the status of his own case." Smith v. Rabb, 95 Ariz. 49, 386 P.2d 649 (1963). Bernard Bloch was privileged to represent himself but he could not represent either Nathan Bloch or Ruth Bloch. Mosher v. Hiner, 62 Ariz. 110, 154 P.2d 372 (1944). When a case is regularly called for trial, the trial may proceed although one party does not appear and this is not a hearing as by default. Coulas v. Smith, 96 Ariz. 325, 395 P.2d 527 (1964). As in any case wherein a party offers no evidence or an insufficient quality of evidence to sustain that party's position, it is proper to dismiss the claim of such party.

█ In the Replevin Action Nathan Bloch and Ruth Bloch were not before the trial court and they are not before this Court. Bernard Bloch having failed to appear for the trial it was proper for the trial court to dismiss his complaint. The counter-claim was dismissed on motion of the counter-claimants. This action does not have the effect of restoring the personal property to the possession of the Maddens nor does it divest Bernard Bloch of his possession. On this state of the record the full purpose of the Bernard Bloch Replevin Action has been accomplished and he has in effect prevailed in the Replevin Action.

█ In the Damage Action Nathan Bloch and Ruth Bloch were not before the trial court in relation to the complaint. Normally a counter-claim is served upon the opposite party's attorney of record. Here there was none. Hence the service of the counter-claim on Bernard Bloch did not confer jurisdiction upon the trial court to entertain a claim against or to enter a judgment against Nathan Bloch and Ruth Bloch.

Even though there is a serious question as to whether or not the complaint stated a claim for relief in favor of Bernard Bloch he did submit himself to the jurisdiction of the trial court, he was properly served with the counter-claim and the court properly denied his motion to dismiss the counter-claim.

**418**

■ Bernard Bloch urges a lack of jurisdiction to hear the counter-claim by reason of lack of proper notice. All of the persons before this Court agree that the case was properly set for February 15th and that Bernard Bloch not only had actual notice thereof, he was in personal attendance at the court. From and after the 15th day of February in a situation where the case was riding the calendar, the trial court had jurisdiction to try the case. Since Bernard Bloch represented himself without the benefit of an attorney, we paraphrase the quotation from Smith "Moreover under Uniform Rule of Practice 12, Bernard Bloch was responsible for keeping himself advised of the status of his own case".

■ Thereafter the case "rode the calendar" and all Bernard Bloch was entitled to was knowledge of the fact of the probable trial date as distinguished from official notice thereof from the clerk or from the court administrator.

The problems in the trial of cases in Maricopa County are many fold, a fact well known to two members of this Court who until recently served as trial judges in Maricopa County. Bernard Bloch knew the case was "riding the calendar" on a day to day basis. After invoking the jurisdiction of the court he chose to be absent for reasons sufficient unto himself. Mr. Riggs' affidavit which is not controverted discloses that between the date of December 1, 1961 and February 1, 1962 Mr. Riggs was in communication with another Phoenix attorney who did not actually appear as counsel but whose assistance had been secured by Bernard Bloch for the purpose of determining the trial date and attempting to work out a settlement. When this association terminated on or about the 1st of February, another Phoenix attorney was in contact with Mr. Riggs although not an attorney of record. There were numerous conferences with this attorney until March 16th when the second attorney advised Mr. Riggs that he was not going to represent the plaintiffs "* * * that the case was going to be handled personally by the plaintiff and that he was flying out here so

as to be present for the trial on March 28th. That immediately after this telephone conversation and as a result of a suggestion from the Court's Administrative office." Mr. Riggs "wrote a letter advising the plaintiff that the above cause was set for trial on March 28, 1962". Where there are attorneys of record on opposite sides of the case there is often informal or written communication between them and when Mr. Bloch represented himself Mr. Riggs afforded him the same courtesies.

■ From a review of the history of the case, the Judges of Maricopa County could well have questioned whether Mr. Bloch would actually appear for the trial. The obvious meaning of the order of March 26th is that if Mr. Bloch did not appear there would be no jury but that if he did appear the case would be reassigned for trial to a division having the time to devote to a trial and a jury could be secured. If Bernard Bloch had appeared at 9:30 in the morning of March 28th, a jury could have been secured to commence the trial that afternoon. We hold that where a party to a civil action fails to appear for a trial that by his failure he has waived his right to a jury trial of the controversy. The trial court is then impowered, in its discretion, to proceed to hear the evidence and to resolve the controversy without the benefit of a jury.

We do not have a transcript of the evidence. In our opinion the allegations of the counter-claim disregarding the prayer, are broad enough to support evidence of damage in the amount adjudicated against Bernard Bloch.

In Cause No. 112,171 the orders of dismissal are affirmed.

In Cause No. 112,550 the judgment against Nathan Bloch and Ruth Bloch is reversed with instructions to vacate the same, the judgment as to these persons having been entered without jurisdiction and the judgment against Bernard Bloch is affirmed.

CAMERON and DONOFRIO, JJ., concur.