In re GLOBAL INTERNATIONAL AIR-
WAYS CORPORATION, Debtor.

GLOBAL INTERNATIONAL AIRWAYS
CORPORATION, Plaintiff-Respondent,

v.

PAN AMERICAN WORLD AIRWAYS,
INC., Defendant-Petitioner.

No. 86–1142–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

June 19, 1987.

Ronald Weiss, Berman, DeLeve, Kuchan
& Chapman, Kansas City, Mo., for plaintiff-
respondent.

Morris J. Nunn, Robert M. Kroenert,
Morrison Hecker Curtis Kuder & Parrish,
Kansas City, Mo., for defendant-petitioner.

ORDER REJECTING BANKRUPTCY COURT'S RECOMMENDATION TO REMAND THIS CASE TO STATE COURT AND WITHDRAWING REFERENCE OF THIS CASE TO THE BANKRUPTCY COURT

BARTLETT, District Judge.

On September 3, 1986, Pan American World Airways, Inc. (Pan Am) appealed the bankruptcy court's August 25, 1986, Order Remanding Action to State Court. On October 9, 1986, the bankruptcy court denied Pan Am's motion for stay of the remand order pending appeal. On the same day, I stayed the remand pending resolution of this appeal. The other parties to the remand order, respondent Global International Airways Corporation (Global) and the Creditors Committee for Global International Airways have not opposed the remand order.

The narrow issue before this Court is whether the bankruptcy court may enter a non-reviewable order of remand in a non-core proceeding that was properly removed to federal district court prior to the filing of bankruptcy.

*Prior Proceedings*

This adversary proceeding started when Global filed suit against Pan Am in the Circuit Court of Jackson County, Missouri, on August 16, 1983 for rescission of a contract for sale of five aircraft or, in the alternative, for damages based on misrepresentation, negligent misrepresentation, breach of express warranties and negligence.

On September 14, 1983, Pan Am removed that case to this court pursuant to 28 U.S.C. § 1441(a). Federal jurisdiction was based on the diversity of citizenship between plaintiff and defendant pursuant to 28 U.S.C. § 1332. Thereafter, Global filed a demand for jury and a motion for a preliminary injunction.

On October 19, 1983, Global filed a Chapter 11 petition in the United States Bankruptcy Court for the Western District of Missouri. Then Global moved to transfer this case to bankruptcy court. On December 5, 1983, I transferred the case to the bankruptcy court pursuant to 28 U.S.C. § 1471(e) as it then existed.

On March 13, 1984, Pan Am answered Global's petition in the bankruptcy court.

At a May 5, 1986, hearing, the bankruptcy court, on its own motion, raised the question of whether it had jurisdiction to hear this case. Global argued that the case was a "related" matter, and therefore the bankruptcy court had jurisdiction and could conduct a jury trial of the state law claims. Pan Am argued that although a related matter, the bankruptcy court could not enter final orders in this non-core adversary case because of the nature of the claims. Therefore, Pan Am contended the bankruptcy court would be limited to making a recommendation to the district court. Pan Am urged the bankruptcy court to refer the matter back to the district court.

On August 25, 1986, the bankruptcy court remanded this case to the Circuit Court of Jackson County, Missouri. In part, the bankruptcy court based its decision to remand on its conclusion that I had refused to treat the case as a diversity action at the time I transferred the case to the bankruptcy court. The bankruptcy court also concluded that, because this adversary proceeding is a non-core proceeding, the bankruptcy court is precluded from conducting jury trials and is limited to making recommended findings of fact and conclusions of law to the district court pursuant to 28 U.S.C. § 157(c)(1).

*Discussion*

Petitioner urges the Court to vacate the bankruptcy court's order remanding this case to state court pursuant to 28 U.S.C. § 1452(b) because: 1) the bankruptcy court in non-core proceedings under 28 U.S.C. § 157 is limited to proposing findings of fact and conclusions of law and cannot enter a final order; 2) only a district court has the power to remand a non-core proceeding to state court pursuant to § 1452(b); and 3) the bankruptcy court's conclusions that the diversity jurisdiction of this Court over this case terminated when the district court transferred this

case to the bankruptcy court pursuant to 28 U.S.C. § 1471(e) and that this case was originally removed from state court pursuant to 28 U.S.C. § 1452 are erroneous.

The bankruptcy court remanded this case to state court pursuant to 28 U.S.C. § 1452(b). *See* "Order Denying Defendant's Motion for Stay Pending Appeal," *In re Global International Airways Corp.*, Adversary Action No. 83–1196–2–3–11, October 9, 1986. The bankruptcy court acted pursuant to § 1452(b) because it concluded that this case was originally removed to district court pursuant to 28 U.S.C. § 1452.[1] *Id.*

■ Section 1452(a) provides for the removal of claims related to bankruptcy cases: "A party may remove any claim or cause of action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1452(b) provides that "the Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order ... remanding ... a claim or a cause of action ... is not reviewable by appeal or otherwise." 28 U.S.C. § 1452(b).

According to the pleadings filed at the time of removal, this case was removed to this federal district court. Consequently, § 1452 places an inherent limit on the power of the bankruptcy court to remand this case to state court because the case was removed to the district court, not the bankruptcy court. *See Hillyard Farms v. White County Bank*, 52 B.R. 1015, 1019 (S.D.Ill.1985). Therefore, the district court alone has the power to remand this case pursuant to § 1452(b).

■ I concur with the bankruptcy court's conclusion that this case involves a non-core proceeding. As provided in 28 U.S.C. § 157(c)(1), a bankruptcy judge in non-core proceedings is limited to submitting proposed findings of fact and conclu-

sions of law to the district court. The district court shall enter a final order or judgment "after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party had timely and specifically objected." *Id.*

Additionally, even though I transferred this case to the bankruptcy court, this Court retained original jurisdiction over this case from the time it was removed. When Global filed its Chapter 11 petition in October 1983, original jurisdiction over bankruptcy civil proceedings resided in the district court pursuant to 28 U.S.C. § 1471(b). Furthermore, the district court retained original jurisdiction over the case pursuant to 28 U.S.C. § 1334(b) during the post *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) transitional period. *See In re Hansen*, 702 F.2d 728, 729 (8th Cir.), *cert. denied*, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983).

Therefore, because this Court remains the court of original jurisdiction over non-core proceedings pursuant to § 1471(b) and § 1334(b), because the bankruptcy judge is limited to making recommendations to the district court in a non-core proceeding by § 157(c)(1), and because the bankruptcy court did not have the authority to enter a nonreviewable order of remand pursuant to § 1452(b), I will review the bankruptcy court's order remanding this case to state court as a recommendation by the bankruptcy court rather than as an appeal from a final order. *See Boone Coal & Timber Co. v. Polan*, 787 F.2d 1056, 1059 (6th Cir.1986).

In part, the bankruptcy court recommended remanding this case to state court because it was a non-core proceeding in which a jury trial had been demanded. Therefore, the case was perceived to be outside the bankruptcy court's jurisdiction. According to the bankruptcy's court's August 25, 1986, order, a remand to state

---

**1.** The bankruptcy court's conclusion that this case was removed pursuant to 28 U.S.C. § 1452 is erroneous. According to the pleadings filed

at the time of removal, this case was removed from state court pursuant to 28 U.S.C. § 1441.

court rather than returning the case to me was perceived to be the only solution because:

> When the district court, in issuing its order of December 5, 1983, transferring the action to this court, has already refused to treat the action as a pure diversity action, it appears that the issue of district court jurisdiction has been decided and must be accepted by this court as the law of this case.

The jurisdiction of this Court was originally based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and has never been challenged. On December 5, 1983, when I transferred this case to bankruptcy court pursuant to 28 U.S.C. § 1471(e) upon motion of the plaintiff, § 1471(e) provided: "The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, whereever [sic] located, of the debtor, as of the commencement of such case." [2] When I transferred this case to the bankruptcy court pursuant to § 1471(e), I was not refusing to treat this action as a diversity action. I was only following the direction of § 1471(e) because this case involved property of the debtor. No express finding about diversity jurisdiction was made and no implied finding was intended.

■ Diversity jurisdiction over this case and the transfer pursuant to § 1471(e) are not inconsistent. Even prior to *Marathon*, the Eighth Circuit Court of Appeals recognized that § 1471(e) did not forbid the Court to remit ancillary matters other than the debtor's estate to other forums. *See In re Med General, Inc.*, 672 F.2d 716, 719 (8th Cir.1982). After reviewing *de novo* those matters raised by petitioner, I conclude that this Court retained original jurisdiction over the case pursuant to § 1471(b), § 1334(b) and § 1332. Therefore, I do not accept the bankruptcy court's recommenda-

tion that this case should be remanded to state court.

Additionally, the bankruptcy court supported its decision to remand the case to state court by asserting that under 28 U.S.C. § 1334(c)(1), I might be required to abstain from deciding this case. Section 1334(c)(1) provides: "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." However, it is premature to decide whether it is in the interest of justice for me to abstain from hearing this related but non-core bankruptcy proceeding pursuant to § 1334(c)(1).

■ Finally, Pan Am suggests that withdrawal of this non-core proceeding from the bankruptcy court "is necessary, efficient and appropriate under the circumstances." In its remand order, the bankruptcy court found that "in this case there is a timely demand for a jury trial in a case based upon virtually the same rights of action as were involved in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) ... [and] is therefore beyond the jurisdictional competence of this bankruptcy court according to the letter of the Bankruptcy Amendments and Federal Judgeship Act of 1984." When the cause of action in bankruptcy court is not a core proceeding and a party asserting the claim has demanded a jury trial, withdrawal of the cause from the bankruptcy court may be appropriate because the bankruptcy court in such circumstances cannot enter final judgment. *Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 n. 2 (8th Cir.1985). In this case, pursuant to 28 U.S.C. § 157(d), withdrawal of the reference of Global's

---

**2.** Section 1471(e) was repealed after its validity and constitutionality were called into question by *Marathon*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Section 1471(e) was superseded by 28 U.S.C. § 1334(d), effective on July 10, 1984. Section 1334(d) provides: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of the estate." As of the date of enactment, the district courts had jurisdiction over all pending bankruptcy proceedings and cases and related cases and proceedings. Pub.L. No. 98–353, Title I, § 115, 98 Stat. 343, July 10, 1984.

claims against Pan Am to the bankruptcy court is appropriate and promotes judicial efficiency.

Therefore, it is hereby ORDERED that:

1) the recommendation by the bankruptcy court to remand this case to state court is not accepted; and

2) pursuant to 28 U.S.C. § 157(d), the reference of this case to the bankruptcy court is withdrawn.