57 P.3d 726

**HEALTH FOR LIFE BRANDS, INC.,**
a Delaware corporation,
Plaintiff–Appellee,

and

Larry Weber, Third Party
Defendant–Appellee,

v.

David M. POWLEY and Caroline Powley,
husband and wife, Defendants–Third
Party Plaintiffs–Appellants.

No. 1 CA–CV 01–0242.

Court of Appeals of Arizona,
Division 1, Department B.

Nov. 5, 2002.

Squire, Sanders & Dempsey, L.L.P. by
Donald A. Wall Kimberly J. Cilke, Phoenix,

Attorneys for Plaintiff–Appellee and Third Party Defendant–Appellee.

Richard L. Hoffman, Mesa, Attorney for Defendants–Third Party Plaintiffs–Appellants.

## OPINION

GEMMILL, Judge.

¶ 1 After a case has been removed from superior court to federal district court, transferred to bankruptcy court and then remanded to superior court, does the superior court have authority to proceed with the case if the bankruptcy court clerk did not mail a copy of the order of remand to superior court? Appellants David Powley and Caroline Powley contend that the superior court proceeded without subject matter jurisdiction. For the reasons set forth in this opinion, we hold that the superior court regained its power to proceed with this case when the bankruptcy court entered the order of remand. The Powleys also argue that the superior court erred in failing to conduct a jury trial, but we conclude that the court appropriately allowed Appellees Health for Life Brands, Inc. ("HFL") and Larry Weber to withdraw their jury trial demand. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The Powleys purchased stock in Health for Life Brands of Arizona, Inc. ("HFLAZ") from HFL. To accomplish the stock purchase, the Powleys signed a stock purchase agreement with HFL and also personally guaranteed payment to HFL of certain obligations of HFLAZ. Alleging that the Powleys failed to pay the promised amounts, HFL filed a breach of contract action in June 1998 against the Powleys in Maricopa County Superior Court. The Powleys answered, counterclaimed against HFL, and brought a third party action against Larry Weber, president of HFL.[1] HFLAZ was not a party in the superior court action.

¶ 3 In July 1998, HFLAZ filed for Chapter 11 protection in federal bankruptcy court. The Powleys then filed a notice of removal of this case to the United States District Court for the District of Arizona. The notice asserted that removal was justified under 28 U.S.C. § 1452 (1994) because the case was related to the pending HFLAZ bankruptcy proceeding.

¶ 4 Following removal, the federal district court transferred the case to the bankruptcy court because of the alleged relationship with the HFLAZ bankruptcy. HFL filed a motion asking the bankruptcy court to remand the case to the superior court. The bankruptcy court concluded that the action did not arise under bankruptcy law and was not sufficiently related to the HFLAZ bankruptcy to support federal jurisdiction and therefore granted the motion to remand. The written order of remand was entered in the bankruptcy court docket on January 3, 2000, but there is no record that a copy was mailed to the superior court.[2]

¶ 5 In January 2000, HFL filed in superior court a motion for partial summary judgment on the contract claim. In a minute entry filed March 17, 2000, the court acknowledged receipt of HFL's motion but noted that the action had been removed and that the case "has not been remanded back to Superior Court. Court staff has determined in conversation with District Court personnel that this matter was terminated in the District Court on September 14, 1999, and referred to the Bankruptcy Court.... Bankruptcy Court personnel advise that the bankruptcy case is still open." The court ordered that the case be placed on the inactive calendar for dismissal on June 15, 2000 and stated that the matter is "currently within the jurisdiction of the Bankruptcy Court and presumably subject to the automatic stay."

¶ 6 The next document in the record from superior court is a response by the Powleys to HFL's motion for partial summary judgment, filed in April 2000. The record does not reveal if HFL's motion was denied, withdrawn, or simply abandoned. Nor does the record contain any specific explanation or correction of the court's statement in the March 17, 2000 minute entry that the case

---

1. For convenience, HFL and Weber will be referred to simply as HFL in this decision unless the context requires otherwise.

2. The superior court did receive a copy of the remand order from counsel, fifteen months later, on March 30, 2001.

was still within the jurisdiction of the bankruptcy court. In July 2000, HFL filed a Motion to Set and Certificate of Readiness.[3] The trial court then set the matter for trial to a jury commencing on January 31, 2001.

¶ 7 In November 2000, counsel for the Powleys filed an application for withdrawal as counsel, supported by an affidavit of counsel and the signatures of the Powleys. The application recited, immediately above the Powleys' signatures, that the "undersigned" were "advised of the trial date of January 31, 2001 and all other pending deadlines set in this matter and have made suitable arrangements to be prepared for trial" and that they consented to the withdrawal of their attorney. The court approved the application for withdrawal of counsel.

¶ 8 Thereafter, the Powleys failed to submit a list of witnesses and exhibits, failed to participate in the preparation of a pretrial statement, and failed to appear for trial on January 31, 2001. Although HFL had previously demanded a jury trial, it agreed in open court on January 31, 2001 to proceed without a jury. The court accepted this unilateral withdrawal of the jury trial demand and conducted a bench trial. At the conclusion of trial, the court resolved the claims in HFL's favor and entered a judgment. Our review of the record reveals no objection by the Powleys to the jurisdiction of the superior court, from the time of entry of the remand order in January 2000 until after the trial in January 2001. The Powleys filed post-trial motions for relief from judgment and for a new trial, challenging the jurisdiction of the superior court. These motions were denied, and this appeal followed.

## THE SUPERIOR COURT'S POWER TO PROCEED

¶ 9 The Powleys argue that the bankruptcy court retained jurisdiction over this case and therefore the superior court had no power to proceed, with the result that the judgment against them is void and must be set aside. Thus, the initial issue in this appeal is whether the superior court had jurisdiction to proceed with this breach of contract action following remand from bank-

ruptcy court. This issue poses a question of law that we independently review. *R.A.J. v. L.B.V.*, 169 Ariz. 92, 94, 817 P.2d 37, 39 (App.1991).

¶ 10 The Powleys assert two reasons why the superior court lacked subject matter jurisdiction to proceed with this case. First, they argue that only the federal district court, not the bankruptcy court, could order a remand to state court. Second, because the bankruptcy court clerk did not mail a copy of the order of remand to superior court as required by statute, the Powleys contend that the superior court never regained jurisdiction over the case.

¶ 11 Before addressing these arguments, however, we first consider HFL's contention that the Powleys have waived their right to make these arguments by failing to assert them before or during trial. HFL characterizes these arguments as involving mere procedural defects rather than the absence of genuine subject matter jurisdiction. HFL then correctly points out that procedural defects are usually waived if not raised and preserved in the trial court. *See, e.g., Medina v. Arizona Dept. of Transport.*, 185 Ariz. 414, 418, 916 P.2d 1130, 1134 (App.1995).

¶ 12 On the other hand, challenges to subject matter jurisdiction may be raised at any time, including for the first time on appeal. *Swichtenberg v. Brimer*, 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App.1991). HFL argues that the superior court never lost jurisdiction but was merely limited by federal statutes in its power to proceed until the case was remanded to superior court. According to HFL, because the issue was the superior court's power to proceed and not true subject matter jurisdiction, the usual rule of waiver should be applied.

¶ 13 We need not decide, however, if there is a difference between subject matter jurisdiction and power to proceed for all purposes. We conclude only that the issue of a state court's power to proceed following remand from federal court is so akin to the issue of subject matter jurisdiction as to war-

---

**3.** Although the minute entry filed on March 17, 2000 said that the case would be placed on the inactive calendar for dismissal on June 15, 2000,

the subsequent record contains no order of dismissal nor any objection to HFL's Motion to Set and Certificate of Readiness filed on July 7, 2000.

rant application of the same rule of non-waiver. *See First State Bank of Princeton v. Leffelman*, 167 Ill.App.3d 362, 118 Ill.Dec. 127, 521 N.E.2d 195, 197 (1988) (allowing a challenge, asserted for the first time on appeal, of whether the state court had jurisdiction to proceed following a remand from federal court). Therefore, the Powleys have not waived their right to challenge the superior court's power to proceed with this action. We turn now to their substantive arguments.

### The Bankruptcy Court Had Power to Order a Remand

■ ¶ 14 The Powleys point out that the remand of this case was ordered by the bankruptcy court, not the district court, and they argue that the bankruptcy court does not have the authority to order a remand. Therefore, they assert that the case has never been properly remanded and the superior court never regained the jurisdiction to proceed with the case. We disagree.

¶ 15 First, a bankruptcy court is a unit of a federal district court. 28 U.S.C. § 151 (1993); *In re Price Waterhouse Ltd.*, 202 Ariz. 397, 398, ¶ 1, 46 P.3d 408, 409 (2002). Second, the authority relied upon by the Powleys is outdated. They cite *In re Global Int'l Airways Corp.*, 75 B.R. 804, 806 (Bankr. W.D.Mo.1987), which held that because that case was removed to the district court, only the district court—and not the bankruptcy court—had the power to remand the case. *In re Global Int'l Airways*, however, predates the 1990 and 1991 amendments to 28 U.S.C. §§ 1334 and 1452 and the Federal Bankruptcy Rules of Procedure that now empower a bankruptcy court to enter final orders regarding both abstention and remand issues. *See* 28 U.S.C. §§ 1334(d)(2002), 1452(b) (1994); Fed. Bankr.R.P. 5011(b), 9027(d); *In re Pac. Gas*

& *Elec. Co.*, 279 B.R. 561 (Bankr.N.D.Cal. 2002) ("In the interests of judicial economy, it is no longer appropriate for a Bankruptcy Court to recommend findings of fact and conclusions of law to the District Court on these [remand and abstention] issues."); *Scherer v. Carroll*, 150 B.R. 549, 551–52 (Bankr.D.Vt.1993) ("[U]nder recent amendments to 28 U.S.C. §§ 1334(c), 1452(b) and the Federal Bankruptcy Rules of Procedure, a Bankruptcy Court has the power to enter final orders regarding both abstention and remand issues." (citations omitted)). Therefore, the bankruptcy court had the authority to enter the order of remand in this case.[4]

### The Superior Court Regained The Power To Proceed Upon Entry Of The Remand Order in Bankruptcy Court

■ ¶ 16 The Powleys next argue that because the federal court clerk did not mail a copy of the order of remand as required by statute, the superior court never regained power to proceed with the case. They base this argument on a portion of the general removal statute pertaining to remand, 28 U.S.C. § 1447(c) (2002):

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.[5]

---

4. Because the bankruptcy court is a unit of the federal court, the phrase "federal court" is used in this decision as including the bankruptcy court, unless the context requires otherwise.

5. The bankruptcy-specific removal statute, 28 U.S.C. § 1452, does not contain any reference to the duty of the clerk to mail a certified copy of the remand order to the state court. In years past, some federal courts held that where the removal was made, as here, on the basis of 28 U.S.C. § 1452, any remand would likewise be

governed by § 1452 rather than the general removal statute, 28 U.S.C. § 1447. *See In Re Federal–Mogul Global, Inc.*, 300 F.3d 368, 385 (3d Cir.2002). However, the United States Supreme Court rejected that view and held that §§ 1447 and 1452 should "comfortably coexist" in the bankruptcy context and both should be given effect. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). Therefore, the superior court's power to proceed with this action cannot be resolved solely on the basis of 28 U.S.C. § 1452.

Relying on the last two sentences of § 1447(c), the Powleys argue that the superior court never regained jurisdiction or the power to proceed because the clerk of the federal court never mailed a copy of the order of remand to superior court. They emphasize that § 1447(c) places a mandatory duty on the federal court clerk to mail a copy of the remand order to the state court clerk and provides that the state court may "thereupon" proceed with the case. 28 U.S.C. § 1447(c)(2002). HFL, on the other hand, argues that the state court regained power to proceed when the bankruptcy court entered its order of remand, notwithstanding the apparent failure of the federal court clerk's office to mail a copy to superior court. Under HFL's argument, the word "thereupon" in the last sentence of § 1447(c) refers to the remand, rather than to the act of mailing a copy of the remand order. For the following reasons, we hold that the superior court regained the power to proceed with the case upon entry of the remand order in bankruptcy court.

¶ 17 This is an issue of first impression in Arizona. Courts from several jurisdictions have disagreed whether the decisive event is entry of the remand order or the clerk's act of mailing the order. *Compare International Lottery, Inc. v. Kerouac,* 102 Ohio App.3d 660, 657 N.E.2d 820, 823 (1995) (state court regains jurisdiction when the remand order is entered in federal court; the statutorily required mailing of the order of remand by the federal court clerk is not jurisdictional) *and State of New Mexico ex rel. Village of Los Ranchos de Albuquerque v. City of Albuquerque,* 119 N.M. 169, 889 P.2d 204, 206 (App.1993) ("Courts confronted with this situation have recognized that the actions of a federal judge in signing and entering a remand order authorize subsequent state court actions even when the federal court clerk fails to mail the remand order") *with Quaestor Investments, Inc. v. State of Chiapas,* 997 S.W.2d 226, 229 (Tex.1999) ("we hold that jurisdiction revests in the state court when the federal district court executes the remand order and mails a certified copy to the state court") *and Trans Penn Wax Corp. v. McCandless,* 50 F.3d 217, 225 (3d Cir.1995) ("the physical mailing of the certified copy is

the key jurisdictional event to divest the district court of jurisdiction").

¶ 18 We find most persuasive those cases holding that the state court has the power to proceed upon entry of the remand order in federal court. An issue as important as whether a state court may proceed with a case should be determined by the action of a federal court entering its remand order rather than by the ministerial act of a clerk in mailing a copy of the order. *See In re Lowe,* 102 F.3d 731, 735 (4th Cir.1996); *Citizens Bank & Trust Co. v. Carr,* 583 So.2d 864, 866 (La.App.1991) ("The action of a court entering an order of remand, and not the action of a clerk in mailing a copy of the order, determines the vesting of jurisdiction"); *International Lottery,* 657 N.E.2d at 823; *see also Van Ryn v. Korean Air Lines,* 640 F.Supp. 284, 285 (C.D.Cal.Dist.1985). This is particularly true when, as here, the parties did not challenge the remand order in federal court and resumed litigation in state court despite the fact that the federal court clerk had not mailed a copy of the remand order to state court.

¶ 19 Our conclusion is further supported by a consideration of 28 U.S.C. §§ 1447(d) and 1452(b), which generally preclude federal appellate review of orders remanding cases to state court. 28 U.S.C. § 1447(d) (1994) (remand order "not reviewable on appeal or otherwise" except for cases removed under 28 U.S.C. § 1443[6]); § 1452(b) (1994) (remand order "not reviewable by appeal or otherwise"); *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 129, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). These provisions contemplate that district courts may "make erroneous remand decisions," *In re Loudermilch,* 158 F.3d 1143, 1145 n. 3 (11th Cir. 1998), but that it is preferable for the remand to be implemented than for the case to be "repeatedly ricocheting in and out of state court based on the most recent determinations of a federal court." *Id.* Congress did not want the removal and remand process to result in undue delay in the resolution of disputes on the merits. *See Things Remembered, Inc.,* 516 U.S. at 124, 116 S.Ct. 494; *Pierpoint v. Barnes,* 94 F.3d 813, 817–19 (2d

---

**6.** This exception is not applicable in this case.

Cir.1996); *Hernandez v. Brakegate, Ltd.*, 942 F.2d 1223, 1226 (7th Cir.1991). To hold that a state's power to proceed commenced only upon the mailing of a copy of the remand order would arbitrarily give one side a second opportunity to argue its case based on a clerical error, *In re Lowe*, 102 F.3d at 735, would disregard principles of comity, *see In re La Providencia Development Corp.*, 406 F.2d 251, 252 (1st Cir.1969), and would waste judicial resources. *Aetna U.S. Healthcare, Inc., v. Hoechst Aktiengesellschaft*, 67 F.Supp.2d 1242, 1245 (D.Kan.1999). Such a conclusion would also exalt form over substance. *Johnson v. Estelle*, 625 F.2d 75, 77–78 (5th Cir.1980) ("substance must control form" in determining when state jurisdiction vests under 28 U.S.C. § 1447(c)); *International Lottery*, 657 N.E.2d at 823.

¶ 20 A conclusion that the superior court regains the power to proceed upon entry of the remand order in federal court prevents a case from floundering in some sort of legal limbo while awaiting the ministerial task of mailing a copy of the remand order. Excessive delay in the resolution of disputes is thereby avoided. This approach also furthers the intent of Congress that any doubts about the existence of removal jurisdiction in the federal courts should be resolved in favor of remand and state court jurisdiction. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987); *Baucom v. Pilot Life Ins. Co.*, 674 F.Supp. 1175, 1178 (M.D.N.C.1987); *Citizens Bank & Trust Co.*, 583 So.2d at 866.

¶ 21 Citing *Bucy v. Nevada Constr. Co.*, 125 F.2d 213, 215 (9th Cir.1942), the Powleys nevertheless contend that Ninth Circuit law should control the resolution of this issue and that federal courts within the Ninth Circuit retain jurisdiction over remanded actions until the clerk mails the order of remand to the state court. We agree that *Bucy* supports the proposition that the federal court retains jurisdiction to reconsider its remand order if the remand has not yet been implemented. We conclude, however, that *Bucy* does not control the outcome of this case.

¶ 22 The facts of *Bucy* are quite different. Bucy filed suit in an Idaho state court. *Bucy*, 125 F.2d at 215. The defendant removed the case to federal court on the basis of diversity jurisdiction. *Id.* Bucy moved to remand, and the federal court initially granted the motion to remand. *Id.* Four days later, before the remand order had been sent to state court, the federal court realized its initial ruling was in error and *sua sponte* vacated the remand and entered an order denying the motion to remand. *Id.* The parties undertook ordinary pre-trial proceedings and the case was tried in federal court ten months later, resulting in a judgment in favor of the defendant on a counterclaim against Bucy. *Id.* at 216. Bucy appealed, contending for the first time that the district court's initial order remanding the case divested the court of jurisdiction based on former 28 U.S.C. § 71 (1940), a predecessor to 28 U.S.C. § 1447. *Id.* The Ninth Circuit affirmed, concluding that the district court had the inherent power to correct its own error and that former 28 U.S.C. § 71 did not require a contrary result. *Id.* at 217–18.

¶ 23 In contrast to the *Bucy* case, the remand order entered in bankruptcy court in this case on January 3, 2000 has been neither set aside nor even challenged. While *Bucy* supports the inherent power of a federal court to promptly correct its mistakes, the instant case presents no issue regarding the power of the court to reconsider or correct an erroneous remand order. The Powleys did not file a motion for rehearing or motion to reconsider the remand order. Additionally, as already pointed out in ¶ 19, *supra*, appellate review of the remand order is precluded. *Things Remembered, Inc.*, 516 U.S. at 129, 116 S.Ct. 494 (citing 28 U.S.C. §§ 1447(d) and 1452(b)). To hold under these circumstances that the bankruptcy court retains jurisdiction and the superior court lacks the power to proceed would violate the principle that removal and remand procedures should not be construed to allow undue delay in the resolution of cases or to waste judicial resources. *See Things Remembered, Inc.*, 516 U.S. at 124, 116 S.Ct. 494; *Pierpoint*, 94 F.3d at 817–819; *Hernandez*, 942 F.2d at 1226.

¶ 24 For these reasons, we conclude that the Powleys' reliance on *Bucy* is misplaced. It is very unlikely in our estimation that the Ninth Circuit, if faced with the fact pattern of this case, would rule that the federal court

retained jurisdiction for more than a year while the parties acquiesced in the remand and litigated in state court, notwithstanding the failure of the clerk to mail a copy of the remand order to state court.

¶ 25 The Powleys also rely on *Trans Penn Wax Corp.*, 50 F.3d 217, in which the Third Circuit stated:

> The general rule is that a district court loses jurisdiction over a case once it has completed the remand by sending a certified copy of the remand order to the state court. . . . But the physical mailing of the certified copy is the key jurisdictional event to divest the district court of jurisdiction, because a remand order is not self-executing.

*Id.* at 225 (citations omitted). Similar to *Bucy*, however, *Trans Penn Wax* did not involve the entry of a remand order followed by litigation of the case in state court without the federal court clerk's office having sent a copy of the remand order to state court. Although the court in *Trans Penn Wax* recited what it considered to be a general rule regarding the significance of the mailing of the remand order, the court was not faced with the issue presented in this case. The quoted language from *Trans Penn Wax* is merely dictum, as recognized by a subsequent Third Circuit case. *Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151, 158–59 (3d Cir.1998). Moreover, the *Trans Penn Wax* court concluded that the remand order at issue was a discretionary remand under 28 U.S.C. § 1367(c), rather than a remand under 28 U.S.C. § 1447(d), and therefore different considerations are applicable to the issue of continuing federal jurisdiction. In contrast, the remand order in this case is governed by §§ 1447(d) and 1452(b). *See In re Lowe*, 102 F.3d 731, 735 (4th Cir.1996) (distinguishing *Trans Penn Wax*).

¶ 26 Finally, the Powleys claim that the superior court's minute entry filed March 17, 2000, described in ¶ 5, *supra*, supports their position that jurisdiction remains in federal court. The information reflected in the minute entry, however, is simply not accurate and does not represent a legal analysis regarding jurisdiction. The record before us contains a copy of the remand order showing a bankruptcy court date stamp of December 29, 1999 and also includes a copy of the bankruptcy court docket that records the filing of the remand order on December 29, 1999 followed by entry of the order on January 3, 2000. Also, each side in this dispute has acknowledged that the bankruptcy court did, in fact, order the case remanded to superior court. The superior court's statements in the minute entry filed March 17, 2000 were evidently based on the unfortunate absence of the remand order in the court file coupled with erroneous information from someone at bankruptcy court. The statements in the minute entry do not represent an adjudication of the superior court's power to proceed with this case, nor did they diminish the court's jurisdiction or power to proceed.

¶ 27 For these reasons, the superior court regained the power to proceed with this case upon entry of the remand order in bankruptcy court. The failure of the federal court clerk's office to mail a copy of the remand order to superior court does not defeat the superior court's jurisdiction or power to proceed.

## THE POWLEYS FORFEITED THEIR RIGHT TO A JURY TRIAL

¶ 28 The Powleys filed a motion for a new trial contending that they were denied their right to a jury trial because they did not consent to HFL's waiver of its jury trial demand. The trial court denied the motion, without setting forth reasons for its decision. We apply an abuse of discretion standard when reviewing the denial of a motion for new trial. *Piper v. Bear Med. Sys., Inc.*, 180 Ariz. 170, 179, 883 P.2d 407, 416 (App.1993).

¶ 29 HFL argues that we should follow the case of *Bloch v. Bentfield*, 1 Ariz.App. 412, 403 P.2d 559 (1965) on this issue. In *Bloch*, the defendant failed to appear for trial after advising opposing counsel that he desired a jury trial. *Id.* at 416–17, 403 P.2d at 563–64. The trial court held a bench trial and resolved the case against Bloch. *Id.* He appealed based upon the denial of a jury trial, but we held that when

> a party to a civil action fails to appear for a trial that by his failure he has waived his right to a jury trial of the controversy.

The trial court is then [empowered], in its discretion, to proceed to hear the evidence and to resolve the controversy without the benefit of a jury.

*Id.* at 418, 403 P.2d at 565; *see also Graf v. Whitaker,* 192 Ariz. 403, 407, ¶ 16, 966 P.2d 1007, 1011 (App.1998) ("parties may be deemed to have waived their right to jury trials through their disregard for court procedure.") (citing Ariz. Const. art. 6, § 17). In this case, there is even stronger support for the finding of waiver. Unlike Bloch, the Powleys never requested a jury trial in the first place.

¶ 30 The Powleys contend, however, that *Bloch* was overruled *sub silentio* in *Gillette v. Lanier,* 2 Ariz.App. 66, 406 P.2d 416 (1965). The Powleys argue that if they had been present at trial, they would not have agreed to the withdrawal of HFL's demand for a jury trial. They then focus on the following sentence from *Gillette:*

> Under such circumstances however the court may proceed to hear the plaintiff's evidence *in the same manner as though the defendant were present* and, if a prima facie case is established, may render appropriate judgment.

*Id.* at 68, 406 P.2d at 418 (quoting *Aetna Securities Co. v. Sickels,* 120 Ind.App. 300, 88 N.E.2d 789, 792–93 (1949)) (emphasis added). Based on the italicized language, the Powleys urge that the trial court should have conducted the trial "in the same manner" as though they were present and "the same manner" would have been a jury trial. We conclude, however, that *Gillette* does not have any application to the issue presented here. The *Gillette* court did not address whether defendants who fail to appear at trial have waived their right to a jury trial or their right to object to the opposing parties' withdrawal of a jury trial demand. Rather, the sentence quoted above was describing the procedure to be followed when a defendant has answered and contested liability but fails to appear for trial, in contrast to the entry of judgment following a default. *Gillette,* 2 Ariz.App. at 68, 406 P.2d at 418.

¶ 31 As in this case, the *Gillette* plaintiff obtained a judgment against the defendant after a bench trial. *Id.* at 67, 406 P.2d at 417. Neither the defendant nor defense counsel appeared at trial, despite receiving ample notice. *Id.* The trial court rejected the defendant's subsequent motion to set aside the judgment. *Id.* On appeal, this court affirmed that ruling, holding that it would have been an abuse of discretion to grant the motion because the defendant had shown "no legal reason or excuse for his own negligence." *Id.* at 68, 406 P.2d at 418. Like the *Gillette* court, we find no legal basis for granting a new trial, and accordingly affirm.

## CONCLUSION

¶ 32 We hold that the trial court regained the power to proceed with this breach of contract action upon the bankruptcy court's entry of the remand order. We also determine that the court did not abuse its discretion in denying the motion for new trial. The judgment is affirmed.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and NOEL FIDEL, Judge.