NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALLEGRA G., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, G.K., G.K., L.K., C.K., C.K.,
*Appellees.*

No. 1 CA-JV 21-0221
FILED 12-9-2021

Appeal from the Superior Court in Maricopa County
No. JD40644
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

APPEARANCES

Allegra G., Phoenix
*Appellant*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S**, Judge:

¶1             Mother challenges the superior court's order finding her children dependent. Because the superior court did not err, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2             Mother is the biological parent of six children, one of whom passed away. The Department of Child Safety (DCS) became involved after police investigated to determine the cause of the child's death. The five children who are the subject of this matter were born and resided in Arizona their entire lives. Father is not a party to this case.

¶3             DCS alleged mother did not provide children with basic needs, such as medical care and proper education. It also reported mother's failure to take care of the children's basic needs may stem from undiagnosed mental-health issues. DCS subsequently removed the five children from mother's care and filed a petition stating the children were dependent as to mother. The petition also alleged no extended family members lived in the state and mother isolated herself and the children from other family members.

¶4             Even before she was served, mother attempted to remove the case to the federal district court in Arizona. Eight days later, the federal district court remanded the case to the superior court.

¶5             Mother then moved to dismiss the case for lack of service. In an unsigned order, the superior court denied mother's motion to dismiss. In a later unsigned order, the superior court struck mother's motion to dismiss. DCS then served mother in person on May 5 with the dependency petition and notice of the June 22 initial hearing.

¶6             Before the hearing, mother filed a notice of appeal as to the two orders regarding her motion to dismiss. This court dismissed those notices for lack of jurisdiction, though dismissal occurred after the superior court made the dependency finding at issue here.

**¶7**        Mother failed to appear for the June 22 hearing. The superior court found mother did not provide good cause for her absence. As a result, the superior court found mother waived her right to present her arguments. It also found the allegations in DCS's petition to be true by a preponderance of the evidence and found the children dependent.

**¶8**        Mother timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

## ANALYSIS

**¶9**        Mother does not challenge the dependency findings, instead she raises jurisdictional and due process arguments. Mother argues the superior court had neither personal nor subject matter jurisdiction. We disagree.

**¶10**        DCS relies on ARCAP 13(a)(7) to argue we should reject mother's claims because she failed to refer to the record and cite to "supporting legal authority." This court generally will not address arguments parties fail to support with relevant legal authority. *Melissa W. v. Dep't of Child Safety*, 238 Ariz. 115, 117–18, ¶ 9 (App. 2015). DCS also notes mother's silence before the superior court waives her argument on appeal. *See Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 349, ¶ 19 (App. 2013). Because mother did not raise the verification argument in the superior court, this court need not address that issue here. *See Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 171, ¶ 52 (App. 2007) (explaining parties generally cannot raise issues for the first time on appeal). With that one exception, we exercise our discretion and address the merits of mother's remaining claims. *See Varco, Inc. v. UNS Elec., Inc.*, 242 Ariz. 166, 170, ¶ 12 n.5 (App. 2017).

## I.        Jurisdiction

**¶11**        This court reviews *de novo* whether the superior court has subject matter jurisdiction and personal jurisdiction. *Angel B. v. Vanessa J.*, 234 Ariz. 69, 71, ¶ 6 (App. 2014) (subject matter jurisdiction); *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 9 (App. 2018) (personal jurisdiction). But this court defers to the superior court's findings of fact unless clearly erroneous. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376, ¶ 13 (App. 2010).

**¶12**        Regarding subject matter jurisdiction, mother raises no statutory defense to the superior court's exclusive jurisdiction over her children's dependency action. Under the Uniform Child Custody

Jurisdiction and Enforcement Act, Arizona has exclusive jurisdiction over dependency matters involving children whose home state is Arizona. A.R.S. § 25-1031.A.1. Arizona is a child's home state if the child "lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding, including any period during which that person is temporarily absent from that state." A.R.S. § 25-1002(7)(a). The superior court has exclusive subject matter jurisdiction to hear cases in which children are dependent because of abuse or neglect. *See Ariz. Dep't of Econ. Sec. v. Grant*, 232 Ariz. 576, 581, ¶ 13 (App. 2013) (citing A.R.S. § 8-202.B to show the superior court "has 'exclusive original jurisdiction' over Title 8 dependency proceedings"). Arizona is the children's home state because each child has lived in Arizona since birth. The superior court, therefore, had exclusive statutory jurisdiction to address mother's dependency action.

¶13        Mother, therefore, cannot prevail on lack of subject matter jurisdiction unless she establishes a different basis to undermine it. She does not.

¶14        First, mother correctly argues the superior court loses jurisdiction upon her filing of a removal petition. "[A] state court's power to proceed following remand from federal court is so akin to the issue of subject matter jurisdiction as to warrant application of the same rule of non-waiver." *See Health for Life Brands, Inc. v. Powley*, 203 Ariz. 536, 538–39, ¶ 13 (App. 2002). But upon remand from the federal district court eight days later, the superior court's jurisdiction was fully reinstated. *See id.* at 542, ¶ 27 (ruling the superior court's jurisdiction was reinstated upon remand from bankruptcy court even if the bankruptcy court did not mail the superior court notice of the remand). During the critical eight-day period, the superior court entered no substantive orders. Then, upon remand, the superior court affirmed its earlier procedural orders. Moreover, as DCS points out, because mother attempted to remove a dependency action over which Arizona state court's had exclusive jurisdiction, her notice of removal had no effect on the superior court's jurisdiction. *See Yankaus v. Feltenstein*, 244 U.S. 127, 130–33 (1917); *Metropolitan Cas. Ins. Co. v. Stevens*, 312 U.S. 563, 565–69 (1941). Its rulings, therefore, were valid.

¶15        Second, mother argues a settlement agreement in a federal case to which she was not a party somehow deprived Arizona of its exclusive jurisdiction. Though mother purports to quote the terms of the settlement agreement, mother never made the alleged settlement agreement a part of the record. Mother even filed a notice of removal to the federal district court in Arizona. The federal district court quickly

remanded the matter to the Arizona superior court, finding the federal district court had no jurisdiction—based on a settlement or otherwise.

**¶16** Third, mother correctly argues the superior court loses jurisdiction upon the filing of a timely notice of appeal to this court. *See Brionna J. v. Dep't of Child Safety*, 247 Ariz. 346, 350, ¶ 11 (App. 2019) (quoting *Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 467 (1974)). But mother did not do that. Instead, she attempted to appeal two unsigned and unappealable orders. This court dismissed those appeals for lack of jurisdiction. Because this court never had jurisdiction to hear mother's defective appeal, the superior court never lost jurisdiction. *See Bank of N.Y. Mellon v. Dodey*, 246 Ariz. 1, 7–8, ¶ 20 (App. 2018) (recognizing when this court declines "jurisdiction to hear an appeal based on the lack of a final appealable order[,] . . . the appeal was not 'properly invoked,' and the superior court never lost jurisdiction").

**¶17** Regarding personal jurisdiction, mother bases her challenge on service of process. Section 8-841.F requires DCS to serve the dependency petition on the parent at least five days before the initial dependency hearing. DCS timely served mother in person on May 5. The service included the dependency petition and notice of the June 22 hearing. On June 16, DCS then provided mother with a second notice about the June 22 hearing. During the June 22 hearing, the superior court found DCS sufficiently served mother and mother waived her right to argue against DCS's allegations because she failed to appear at the hearing without good cause.

**¶18** Based on the above, reasonable evidence supports the superior court's jurisdictional findings.

## II.    Due Process

**¶19** Mother argues the superior court violated her due process rights because it conducted the dependency hearing in her absence. We disagree.

**¶20** Procedural due process requires reasonable notice and an opportunity to be heard. *Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 235, ¶ 18 (App. 2005). A parent may waive those rights by not appearing at the initial dependency hearing without good cause. *Id.* at ¶ 20; *see also* Ariz. R.P. Juv. Ct. 52(C)(6)(c). "Due process errors require reversal only if a party is thereby prejudiced." *Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014). This court reviews *de novo* alleged due process violations. *Wassef v. Ariz. State Bd. of Dental Exam'rs*, 242 Ariz. 90, 93, ¶ 11 (App. 2017).

**¶21** DCS served mother with notice of the June 22 hearing, which notice also included warnings about her potentially waiving her rights if she failed to appear. Mother, therefore, had reasonable notice and an opportunity to be heard. *See Willie G.*, 211 Ariz. at 235, ¶¶ 18–20. She waived her procedural due process rights when she failed to appear at the hearing without good cause. *See id.*

## CONCLUSION

**¶22** We affirm the superior court's order adjudicating the children dependent. We decline to grant mother's request to award her costs and other fees because she is not the successful party on appeal.



AMY M. WOOD • Clerk of the Court
FILED:    AA