NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

––––––––––––––––––––––––––––––

CLARK EDWARD GIBBS, SR., et al.,
*Plaintiffs/Appellants*,

*v.*

PALM VALLEY REHABILITATION, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 22-0544
FILED 6-27-2023

––––––––––––––––––––––––––––––

Appeal from the Superior Court in Maricopa County
No.  CV2022-005951
The Honorable Katherine Cooper, Judge

**AFFIRMED**

––––––––––––––––––––––––––––––

COUNSEL

Clark Edward Gibbs Sr., Austell, Georgia
*Plaintiff/Appellant*

Mattie P. Gates, Austell, Georgia
*Plaintiff/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Daniel J. Kiley joined.

---

**M O R S E**, Judge:

¶1            Clark Edward Gibbs, Sr. appeals the superior court's dismissal of his complaint against Palm Valley Rehabilitation ("Palm Valley").  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2            Before September 2020, Gibbs' mother ("Mother") underwent medical treatment in Newnan, Georgia, and moved to Goodyear, Arizona, at the direction of her daughter and guardian Kathy Hall.  After moving to Arizona, Mother was admitted to Palm Valley's facility.

¶3            In September 2020, Mother told Gibbs she wanted to leave the facility.  Gibbs called from Georgia and asked Palm Valley's director about relocating Mother.  The next month, Gibbs called Palm Valley again and someone told Gibbs that he needed "to talk to" Hall.  In November 2020, Gibbs called Palm Valley a third time.  During this call, Palm Valley personnel informed Gibbs that they had been instructed not "to let [him] talk to [his] mom on the phone."  Gibbs later called the Goodyear Police Department and requested a welfare check.  Officers informed Gibbs that Mother "seemed to be ok."

¶4            Gibbs drove from Georgia to see Mother in Goodyear, Arizona.  When Gibbs arrived at the facility, Palm Valley refused to allow him to see or speak to Mother.

¶5            Almost a year after this event, Gibbs filed a complaint on behalf of himself and Mother.  The superior court dismissed the complaint, and Gibbs timely appealed.  We have jurisdiction under A.R.S. § 12-2101(A)(1).

### DISCUSSION

¶6            Pursuant to Arizona Rule of Civil Appellate Procedure ("ARCAP") 13, an appellate brief "must present arguments that explain an

appellant's 'contentions concerning each issue presented for review' with supporting reasons, citations to legal authorities, and appropriate references to the record." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (quoting ARCAP 13(a)(7)). When an appellant "fail[s] to provide a bona fide and reasonably intelligent effort to comply with Rule 13," we may find that he has "waived any issues he may have wished to submit for this court's review." *Id*. at 522, ¶ 9.

¶7            Gibbs' opening brief does not comply with ARCAP 13(a)(7) because it fails to present discernable arguments or cite relevant authorities, statutes, or parts of the record. In our discretion, however, we will not treat the shortcomings of his opening brief as a waiver of his arguments. *See Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, 137, ¶ 7 n.2 (App. 2011) (noting discretionary authority to consider the merits of deficient briefs). Similarly, Palm Valley failed to file an answering brief. In our discretion, and partially because of the shortcomings in the opening brief, we will not treat the failure to respond as a confession of reversible error. *See Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 4 n.3 (App. 2014) ("In the exercise of our discretion, we decline to treat her failure to file an answering brief as a confession of error."). We review de novo the superior court's ruling on an Arizona Rule of Civil Procedure ("Rule") 12(b)(6) motion. *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012). We have independently examined the record and will address the complaint's merits. *US Airways, Inc. v. Qwest Corp.*, 238 Ariz. 413, 416, ¶ 9 (App. 2015), *aff'd and depublished in part by* 241 Ariz. 182, 182, ¶ 2 (2016) (depublishing ¶¶ 31-35).

¶8            In "determining if a complaint states a claim on which relief can be granted, courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Coleman*, 230 Ariz. at 356, ¶ 9 (citing *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008)). But Gibbs, who does not purport to be an attorney licensed in Arizona, cannot bring claims on Mother's behalf. *See Bloch v. Bentfield*, 1 Ariz. App. 412, 417 (1965). Because Gibbs could not pursue Mother's claims, the superior court correctly determined that it did not have "jurisdiction over [Mother's] alleged claims because, as a pro per party, she did not sign the Complaint as she is required to do."

¶9            The complaint also appears to assert that Palm Valley violated the Americans with Disabilities Act ("ADA") and committed intentional infliction of emotional distress ("IIED") as to Gibbs. But the complaint fails to allege facts entitling Gibbs to relief on his own behalf for either claim. A claim of retaliation under the ADA requires proof that plaintiff engaged in

a protected activity. *See MacLean v. State Dep't of Educ.*, 195 Ariz. 235, 243-44, ¶ 30 (App. 1999). The complaint suggests that Palm Valley engaged in some kind of retaliatory conduct prohibited by the ADA after Gibbs "investigated and inquired" into the status of Mother. But nothing in the complaint alleges that Gibbs or Mother engaged in any activity protected by the ADA.

**¶10** Likewise, an IIED claim requires a showing of "extreme and outrageous" conduct. *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987). But Gibbs' complaint does not allege facts that show extreme and outrageous conduct by Palm Valley and the superior court correctly dismissed his complaint under Rule 12(b)(6). *See Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (App. 1995) (when reviewing a motion to dismiss a claim for IIED, "[t]he trial court must determine whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief").

## CONCLUSION

**¶11** For the reasons described above, we affirm the superior court's dismissal of Gibbs' complaint.

